MARK D. ROSENBAUM, SBN 59940
PETER J. ELIASBERG, SBN 189110
PETER BIBRING, SBN 223981
ACLU FOUNDATION OF
   SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Tel.: (213) 977-9500
Fax: (213) 977-5299
email: PBibring@ACLU-SC.ORG

Attorneys for Plaintiffs Continued on Next Page

CORY M. BRENTE, Assistant City Attorney
WENDY SHAPERO, Deputy City Attorney
KELLY N. KADES, Deputy City Attorney
Police Litigation Section
600 City Hall East, 200 North Main street
Los Angeles, California 90012-4119
Tel: (213) 978-6900
Fax: (213) 978-8785
email: KellyKades@lacity.org

Attorneys for Defendant CITY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONALD FITZGERALD et al., | Case No: CV 03-01876-DDP (SSx) |
| Plaintiffs, | **[PROPOSED] SETTLEMENT AND ORDER** |
| vs. | The Honorable Dean D. Pregerson |
| CITY OF LOS ANGELES et al., | |
| Defendants. | |

1  DAN STORMER, ESQ, SBN 101967
   ANNE RICHARDSON, ESQ, SBN 151541
2  HADSELL, STORMER, KEENY, RICHARDSON & RENICK LLP
   128 North Fair Oaks Ave., Suite 204
3  Pasadena, California 91103-3645
   Tel.:  (626) 585-9600
4  Fax:  (626) 577-7079

5  CAROL A. SOBEL, SBN 84483
   LAW OFFICES OF CAROL A. SOBEL
6  429 Santa Monica Blvd., Suite 550
   Santa Monica, CA 90401-3439
7  Tel.: (310) 393-3055
   Fax: (310) 393-3605

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Introduction**

1. The present action involves a dispute over policing in the Skid Row area of downtown Los Angeles.

2. This action was first filed in March 2003, Case No. CV 03-1876 NM (RZx). On October 3, 2003, after the issuance by the district court of a temporary and then a preliminary injunction, the parties entered into a settlement, which included the entry of a permanent injunction by the district court. The permanent injunction provided for an expiration in 36 months, with the proviso that the plaintiffs could move for an extension of the injunction for an additional period of 36 months upon a showing of good cause. The settlement agreement was approved by the Court on December 9, 2003.

3. In late September, 2006, the City of Los Angeles announced the launch of the Skid Row Safer Cities Initiative, which placed an additional 50 patrol officers and 24 narcotics officers and supervisors on Skid Row.

4. While the parties disagree on the policing presently occurring on Skid Row, all concerned agree that the problem of homelessness on Skid Row is pressing and cannot be solved by policing alone. Although the City is presently attempting to address the services component through the Streets Or Services (SOS) diversion program, many homeless individuals are ineligible for various reasons. Additionally, both the SOS program and the presently available resources to which it directs participants are not to the scale required to reduce or eliminate homelessness on Skid Row for a variety of reasons, including the lack of facilities adequate to respond to a population presenting a variety of physical, developmental and psychological disabilities and substance addictions.

5. As the Court's order of November 9, 2007, reflects, there is now general agreement on the applicable law for nearly all of the issues challenged in this action. The points of agreement are set forth below.

**Searches Incident to Arrest**

6. A search incident to arrest is not permitted when a person is merely cited and released in the field for an infraction or misdemeanor. An officer may search a person if the officer has probable cause to believe the search will yield evidence of a crime or, for a frisk, reasonable suspicion to believe the person is armed or dangerous, or if the detainee voluntarily consents to the search.

7. For example, for suspected violations of L.A.M.C. § 41.18(d), which prohibits sitting, sleeping or lying on the sidewalk or public right of way, no physical search will produce additional evidence of such violation. Accordingly, where an officer stops, cites, and releases an individual in the field for a violation of L.A.M.C. § 41.18(d), the officer may not search the individual unless the officer has probable cause independent of the § 41.18(d) violation or, for a frisk, reasonable suspicion that the individual is armed or dangerous, or the person voluntarily consents to a search. In other words, the probable cause for the search must be something more than the fact that a person was sleeping on the street or sidewalk.

8. As another example, a person who is stopped or receives a citation for jaywalking is not subject to search absent either independent probable cause to suspect that such search would yield evidence of a crime or, for a frisk, reasonable suspicion that the individual is armed or dangerous, or other search permissible under the Fourth Amendment.

**Searches of Parolees and Probationers**

9. The parties agree that suspicionless searches of parolees are permissible so long as searching officers have knowledge of a subject's parole status before conducting the search and the search is not arbitrary, capricious or harassing.

10. The parties recognize the law is not entirely settled with respect to searches of probationers. Without offering an opinion on the governing law, the City

2

will train officers according to the following standard: Searches of probationers require (1) reasonable suspicion to believe (a) a search will reveal evidence of criminal activity or a probation violation; or (b) the subject is committing or has committed a crime; or (c) the subject has violated terms/conditions of probation, and (2) prior knowledge not only of the subject's probation status, but of the fact that a search condition is one of the subject's terms of probation. The City reserves the right to change its policy or training on probation searches at any time, but will provide notice to plaintiffs prior to making any such change. The fact the City is agreeing to teach the more protective standard will not be used against the City in this or any subsequent litigation as an admission as to the controlling legal standard regarding probation searches.

11. Searches of parolees and probationers may also be consensual.

12. In a consensual encounter, police officers may ask an individual whether s/he is on probation or parole. Police officers may not compel the individual to answer the question. If an individual declines to answer whether s/he is on probation or parole, refusal to answer does not alone provide reasonable suspicion to detain or search the individual.

13. When an individual is lawfully detained, that individual's refusal to answer whether he or she is on probation or parole provides no independent basis, in and of itself, to prolong the detention or initiate a search.

14. LAPD will not engage in conduct related to parole or probation searches that is arbitrary, capricious, or harassing.

**Handcuffing and Frisks**

15. Protective frisks of a person for weapons require, at a minimum, reasonable suspicion that the person may be armed or dangerous. A protective frisk conducted on this basis may only intrude so far as is necessary to find weapons that might be used by the subject during the encounter.

16. Handcuffing of a subject is not appropriate absent reasonable suspicion that a subject poses a physical threat to officers or others, may destroy evidence, flee, or otherwise interfere with the officers' legitimate investigation, or other exceptions permitted under the Fourth Amendment.

**Prolonged Detention for the Purpose of Running Wants/Warrants**

17. An officer may conduct a warrant check on a subject stopped for any reason, but only if the time required to complete the warrant check does not exceed the time reasonably required to complete the officer's other investigative duties.

**General Provisions on Training**

18. The Department agrees to conduct training on the issues contained in this Settlement Agreement.

19. The Department will develop and implement scenario based training to be conducted outside of roll call. This training, which will be approximately one (1) hour in length and include handouts, will be delivered to all officers who are assigned to patrol the Skid Row area (including those assigned to the Safer Cities Initiative Task Force and Metropolitan Division mounted units). The first time this training is delivered, it shall be delivered live to those officers then assigned to patrol the Skid Row area. Additionally, the Department will develop an e-learning module on the issues contained in this settlement agreement.

20. Following the delivery of the live training discussed in Paragraph 19, above, the Department will provide training either live, by e-learning or a combination of the two, to all officers subsequently assigned to patrol the Skid Row area (including those assigned to the Safer Cities Initiative Task Force). As needed, the Department will also provide recurring training to existing personnel either live, by e-learning or a combination of the two.

**Attorneys' Fees**

21. Defendant City of Los Angeles contends that all attorneys' fees for this lawsuit have been paid by the first settlement agreement in this case, including those connected with Plaintiffs' motions to extend the injunction. Defendants contend that the language from the first settlement agreement should govern this second Settlement Agreement with respect to attorneys' fees. Plaintiffs disagree and contend that no fees have been paid relating to Plaintiffs' motions to extend the injunction and that Plaintiffs are entitled to fees for all time spent enforcing the injunction. Notwithstanding, the parties will litigate entitlement to, and amount of, attorneys' fees. The parties reserve their right to seek appellate review of the Court's decision. The parties agree that any training set forth in this Settlement Agreement will not be a basis for asserting an entitlement or enhancement to attorneys' fees, nor will the agreement not to seek fees based on the requirement of training be a basis for asserting that plaintiffs are not entitled to fees. Nothing in this Agreement is intended to constitute a waiver of either party's rights on the issue of attorneys' fees.

**Scope of Agreement and Future Modification**

22. Nothing in this Agreement is intended to abrogate existing search and seizure law. Should the standard for detention and searches of parole or probationers be changed by the United States Supreme Court or the Ninth Circuit, this Settlement Agreement will be modified by operation of law accordingly to incorporate the current legal standard. While the parties have endeavored to set forth some discussion of the laws of search and seizure, nothing set forth herein is intended to, nor will it, limit or reduce the power of LAPD to conduct detentions, arrests, searches and seizures to the full extent of the law.

**Dismissal, Disputes, and Continuing Jurisdiction**

23. Upon execution and entry of this Settlement Agreement, the parties

5

stipulate to lift the injunction presently in effect in this case and to dismiss this action.

24. In the event that plaintiffs allege that defendants are not conforming with paragraphs 18-20 of this Agreement, plaintiffs shall, within ten court days of discovering the alleged noncompliance, meet and confer with the defendants in order to set forth the nature and basis of their concerns, and shall allow the defendants a reasonable opportunity to respond by explaining why they are in compliance with this Agreement or by taking corrective measures to come into compliance. If the parties have been unable to resolve the objections within thirty days of the parties' meeting, the objecting party may seek intervention of the Court via a motion for contempt or other relief, after providing the opposing counsel ten days' notice of its intent to file such a motion. Should any party wish to appeal a ruling that they are in contempt, the Court will certify such ruling for interlocutory appeal.

25. The Court will retain jurisdiction over this matter for the sole purpose of enforcement of the terms of this final Settlement Agreement and adjudication of any motion regarding attorneys' fees in this action.

**IT IS SO STIPULATED**.

DATED:                                ACLU OF SOUTHERN CALIFORNIA
                                      LAW OFFICES OF CAROL A. SOBEL
                                      HADSELL & STORMER, INC.


                                      By: _____
                                           Peter Bibring
                                           Attorneys for Plaintiffs
DATED:
                                      By: _____
                                           Cory Brente
                                           Attorney for Defendants

**IT IS SO ORDERED**.

DATED:                                By: _____
                                           Hon. Dean D. Pregerson
                                           United States District Judge

6

1  stipulate to lift the injunction presently in effect in this case and to dismiss this
2  action.
3      24.  In the event that plaintiffs allege that defendants are not conforming
4  with paragraphs 18-20 of this Agreement, plaintiffs shall, within ten court days of
5  discovering the alleged noncompliance, meet and confer with the defendants in
6  order to set forth the nature and basis of their concerns, and shall allow the
7  defendants a reasonable opportunity to respond by explaining why they are in
8  compliance with this Agreement or by taking corrective measures to come into
9  compliance. If the parties have been unable to resolve the objections within thirty
10 days of the parties' meeting, the objecting party may seek intervention of the Court
11 via a motion for contempt or other relief, after providing the opposing counsel ten
12 days' notice of its intent to file such a motion. Should any party wish to appeal a
13 ruling that they are in contempt, the Court will certify such ruling for interlocutory
14 appeal.
15     25.  The Court will retain jurisdiction over this matter for the sole purpose
16 of enforcement of the terms of this final Settlement Agreement and adjudication of
17 any motion regarding attorneys' fees in this action.
18 **IT IS SO STIPULATED.**
19 DATED: 2/2/2009                ACLU OF SOUTHERN CALIFORNIA
                                   LAW OFFICES OF CAROL A. SOBEL
20                                 HADSELL & STORMER, INC.
21
                                   By: _____
22                                      Peter Bibring
                                        Attorneys for Plaintiffs
23 DATED: 1-27-09
                                   By: _____
24                                      Cory Brente
                                        Attorney for Defendants
25
26 **IT IS SO ORDERED.**
27 DATED:                          By: _____
28                                      Hon. Dean D. Pregerson
                                        United States District Judge