ROCKARD J. DELGADILLO, City Attorney (State Bar #125465x)
MICHAEL L. CLAESSENS, Senior Assistant City Attorney (State Bar #125379)
CORY M. BRENTE, Assistant City Attorney
WENDY SHAPERO, Deputy City Attorney (SBN # 198739)
Wendy.Shapero@lacity.org
200 North Main Street, 600 City Hall East
Los Angeles, California 90012-4129
Telephone: (213) 978-7029  Facsimile: (213) 978-8785

*Attorneys for Defendant* City of Los Angeles

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FITZGERALD, DELBERT EUGENE HUDSON, DILWORTH MENEFELE and MARIO YOUNGBLOOD, as individual plaintiffs and as representatives of the classes,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; CHIEF OF POLICE WILLIAM BRATTON and CAPTAIN CHARLIE BECK, in their individual and official capacities, and DOES 1-10, in their individual and official capacities,<br><br>Defendants. | CASE NO. CV03-1876 DDP (RZx)<br>Honorable Dean D. Pregerson<br><br>**DEFENDANT CITY OF LOS ANGELES'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES**<br><br>Date: April 6, 2009<br>Time: 10:00 a.m.<br>Dept: 3 |

Defendant CITY OF LOS ANGELES hereby objects to the following evidence filed in connection with the motion for attorneys' fees set for hearing on April 6, 2009 before this Court:

/ / /

/ / /

**Objection to Declaration of Karen R. Thorland ("Thorland Declaration"), dated March 5, 2009.**

### Objection Number 1

Defendant objects to Ms. Thorland's qualification to attest to the rate of attorneys' fees for civil rights cases on the basis she does not practice in this area of law. As such, her testimony lacks foundation.

**Objections to Declaration of Peter J. Eliasberg ("Eliasberg Declaration"), dated March 6, 2009.**

### Objection Number 2

Eliasberg Declaration, paragraph 14, lines 14-17:

> "We have chosen to seek compensation for only 1/3 of that time, **even though it appears the argument** was instrumental in this Court's decision to grant the motion . . ." (Emphasis added)

> This evidence is objected to on the ground that it is speculative and lacks foundation.

### Objection Number 3

Eliasberg Declaration, paragraph 16, lines 8-17:

> "In 2008, Plaintiffs moved for interim attorneys fees for time spent on the appeal and sought compensation at the following rates for me and other ACLU lawyers and paralegals working on the matter . . ."

> This evidence is objected to on the ground that it is hearsay. [FRE 802].

///
///
///
///
///

**Objections to Declaration of Carol A. Sobel ("Sobel Declaration"), dated March 4, 2009.**

### Objection Number 4

Sobel Declaration, paragraph 4, lines 25-27:

"I believe that my 2009 rate of $710 is well within the range of reasonable market rates for attorneys in Los Angeles of comparable skill and experience doing complex litigation."

This evidence is objected to on the ground that it is speculative and lacks foundation, and is not the best evidence of the current reasonable market rates for like attorneys. [FRE 1002, 1003].

### Objection Number 5

Sobel Declaration, paragraph 5, lines 13-14:

"My most recent contested fee award was in *Jones v. City of Los Angeles*, in which Judge Real granted fees to me at a rate of $695 an hour."

This evidence is objected to on the ground that it is hearsay and fails to state the attorneys' fee award in *Jones v. City of Los Angeles,* CV03-1142 R (RNBx), is currently on appeal, and therefore cannot be cited to as precedent. [FRE 802].

### Objection Number 6

Sobel Declaration, paragraph 8, lines 8-19:

"Some of the above rates from private firms, such as Loeb & Loeb LLP, of course, are based on market rate compensations for attorneys who are paid directly for their services by their clients. I also know from my experience as a lawyer that attorneys who accept cases on the basis of a contingency expect to receive at least twice their hourly rates in cases where their compensation is dependent on their success, particularly in hard fought cases where the result is uncertain throughout the litigation. This expectation of higher compensation is precisely because of the risk involved; that is, the

clients in such matters are not paying the legal bills, much less paying on a monthly basis, and if I do not prevail in the case, I receive no fees, or, as is the case in *Jones*, the defendant appeals a fee award, which results in litigating a time-consuming case for 9 years with no compensation. In this instance, the plaintiffs are seeking only their lodestar.

This evidence is objected to on the ground that it is hearsay, is speculative and lacks foundation. [FRE 802].

### Objection Number 7

Sobel Declaration, signature line, page 5, lines 7-17:

The entire Declaration of Carol Sobel is objected to because it has not been properly executed by the Declarant. [28 USCA § 1746; *Pollock v. Pollock*, 154 F.3d 601, 611, fn. 20 (6th Cir. 1998); *Knight v. United States*, 845 F.Supp. 1372, 1374-1375 (D AZ 1993), aff'd. 77 F.3d 489 (9th Cir. 1996), {unpublished opinion}]

## Objections to Declaration of Barret S. Litt ("Litt Declaration"), dated March 5, 2009.

### Objection Number 8

Litt Declaration, paragraph 6, lines 13-14:

"I am considered an expert in, among other things, attorney's fees in civil rights cases."

This evidence is objected to on the ground that it is hearsay and lacks foundation. [FRE 802].

### Objection Number 9

Litt Declaration, paragraph 8, page 2, line 22 through page 3, line 4:

"I recently testified as an attorney's fee expert in a civil rights case on behalf of plaintiffs represented by a major law firm in Los Angeles. The case had a confidential settlement, with the fees to be arbitrated by a former superior

4

court judge now at JAMS. Because the settlement and arbitration were confidential, I do not feel at liberty to identify the issues, parties, firms or retired judge involved. However, there was a defense fee expert in that case who described me as a 'prominent Los Angeles civil rights litigator experienced in fee issues arising from public interest litigation,' and the arbitrator described my testimony as 'credible and reliable', and described me as having 'had a wide exposure to fees at a number of major firms in Los Angeles doing complex civil litigation.' The rates awarded by the arbitrator were the rates requested by Plaintiffs' counsel and supported by me in my testimony."

> This evidence is objected to on the ground that it is hearsay and lacks foundation. [FRE 802].

### Objection Number 10

Litt Declaration, paragraph 14, lines 19-20:

"[Ms. Sobel's] cases do not attract private counsel because of the economics of the practice of law in Southern California."

> This evidence is objected to on the ground that it is speculative and lacks foundation.

### Objection Number 11

Litt Declaration, paragraph 16, lines 8-9:

"I am informed that *Fitzgerald v. City of Los Angeles* was a very hard-fought case. My understanding from discussions with Ms. Sobel . . ."

> This evidence is objected to on the ground that it is hearsay. [FRE 802]

### Objection Number 12

Litt Declaration, paragraph 16, lines 17-18:

"That makes this type of case particularly difficult because it depends upon extensive factual development."

This evidence is objected to on the ground that it lacks foundation.

**Objection Number 13**

Litt Declaration, paragraph 17, lines 19-21:

"I am aware that the settlement delineates when and under what circumstances officers may detain, question and search individuals in the Skid Row. This settlement agreement is a significant accomplishment."

This evidence is objected to on the ground that it calls for a legal conclusion of what is a "significant accomplishment."

**Objection Number 14**

Litt Declaration, paragraph 18, page 5, line 22 through page 6, line 6:

"The fact that plaintiffs' counsel obtained a significant settlement speaks highly of their competency and 'exceptional success' in this case. Additionally, plaintiffs' counsel incurred significant risks when undertaking this litigation. The nature of this case required an extensive commitment of time and, apart from the general difficulties involved in prevailing in these types of cases, this was a difficult case, where Plaintiff's [sic] prospects for recovery were anything but certain at the outset. In my experience, many attorneys would not take on this type of case because of the considerable factual development required and because of the only possibility of recovery is to prevail, through court order, settlement or as a catalyst, on the questions of law. Since no damages were sought in this stage of the litigation, no contingent fee was available. Of course, if Plaintiffs had lost this case, the attorneys would receive no fee at all and, indeed, would usually be out of pocket for all the costs incurred in the case."

This evidence is objected to on the ground that calls for a legal conclusion and lacks foundation.

///
///

## Objection Number 15

Litt Declaration, paragraph 20, lines 20-22:

"(Most of my information is based on a published survey of litigation rates charged for complex litigation in Bankruptcy filings.)"

> This evidence is objected to on the ground that it is irrelevant, hearsay, speculative, lacks foundation, and is not the best evidence since it relies on a published survey which is not included or attached, and which surveys Bankruptcy matters and not civil rights issues. [FRE 401, 1002, 1003]

## Objection Number 16

Litt Declaration, paragraph 21, lines 24-26:

"Other information of which I am aware on comparably experienced attorneys to those here is that Lieff Cabraser, a well know [sic] Plaintiffs' action firm based in San Francisco, charged . . ."

> This evidence is objected to on the ground that it is hearsay and lacks foundation. [FRE 802].

## Objection Number 17

Litt Declaration, paragraph 22, lines 4-7:

"In addition, I am aware that the National Law Journal's 2007 survey of the billing rates at the 250 largest firms in the country confirms rates listed above. **(I have not yet reviewed the latest survey, but am informed** that rates reflected there are even higher.)" (Emphasis added)

> This evidence is objected to on the ground that it is hearsay, lacks foundation, and is not the best evidence since it relies on a published survey which is not included or attached. [FRE 802, 1002, 1003].

## Objection Number 18

Litt Declaration, paragraph 23, lines 24-25:

"The rates sought by Plaintiffs' counsel in this case, as I understand it, are as

7

follow [sic]: . . .."

This evidence is objected to on the ground that it is hearsay. [FRE 802].

### Objection Number 19

Litt Declaration, paragraph 25, lines 21-23:

"That firm's rates are in the low to mid-range of litigation rates for large firms in Los Angeles handling complex litigation."

This evidence is objected to on the ground that it is hearsay and lacks foundation. [FRE 802].

### Objection Number 20

Litt Declaration, paragraph 27, page 10, lines 7-10:

"(Congress intended civil rights fees to be comparable to that for 'other types of equally complex Federal litigation, such as antitrust cases'). This same analysis applies to state civil rights attorney's fees."

This evidence is objected to on the ground that it is hearsay. [FRE 802].

### Objection Number 21

Litt Declaration, paragraph 28, lines 22-27:

"Thus, it is very important that, when an attorney obtains a tremendous result for his client as Plaintiffs' counsel did in this case, that the statutory attorneys fees to which his [sic] firm is entitled are fully awarded by the Court. Given the challenges faced in these kinds of cases, it is respectfully submitted that the Plaintiffs' success in this case was the result of the efforts and skill of all of the involved attorneys, who took a substantial risk to vindicate the Fourth Amendment rights of their clients and future persons who are subject to detention, interrogation and search on Skid Row.

///

///

8

This evidence is objected to on the ground that it calls for a legal conclusion and lacks foundation.

DATED: March 20, 2009

Respectfully submitted,

**ROCKARD J. DELGADILLO**, City Attorney
**MICHAEL CLAESSENS**, Senior Asst. City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By _[signature]_
**WENDY SHAPERO**, Deputy City Attorney

*Attorneys for Defendant* City of Los Angeles